Wilfred ANOWLIC, Petitioner,

v.

CITY OF NOME, Respondent.

No. A–6677.

Court of Appeals of Alaska.

Nov. 7, 1997.

Wilfred Anowlic, Nome, pro se.

No appearance for Respondent.

Before COATS, C.J., and MANNHEIMER and STEWART, JJ.

### OPINION

MANNHEIMER, Judge.

Wilfred Anowlic was convicted in the district court for making an improper left turn. He appealed his conviction to the superior

court; that court affirmed his conviction. He now petitions this court to review the superior court's decision. We grant the petition for hearing and reverse Anowlic's conviction.

■ From the pleadings and from the superior court's written decision, it appears that Anowlic was driving within his lane of travel and was getting ready to make a left turn at an intersection when a snowmachiner attempted to pass him on the left; the result was a collision in which the snowmachine struck the front driver's side of Anowlic's vehicle. Anowlic was cited under 13 AAC 02.200(b)(1) for making an improper left turn.

The regulation in question, 13 AAC 02.200, governs the making of both right and left turns. In pertinent part, the regulation reads:

13 AAC 02.200. REQUIRED POSITION AND METHOD OF TURNING.

(a) Right Turns. Except as provided in (c) of this section, both the approach for a right turn, and a right turn, must be made as close as practicable to the right-hand curb or edge of the roadway.

(b) Left Turns.

(1) The driver of a vehicle intending to turn left shall approach and make the turn from the extreme left-hand lane lawfully available to traffic moving in the direction of travel of the vehicle. Unless conditions prevail which necessitate other action to assure safety, a vehicle turning to the left must proceed into the extreme left-hand lane lawfully available to traffic moving in the same direction as the vehicle on the roadway being entered.

At Anowlic's trial, the district court found that Anowlic had violated subsection (b)(1) of this regulation because Anowlic was not driving his vehicle as close as practicable to the left edge of his lane when he made the left turn. The district court ruled that, when subsection (b)(1) requires a driver to make a left turn "from the extreme left-hand lane lawfully available to [the driver]", this language implicitly also requires the driver to position his or her vehicle as close as possible to the left curb or edge of that lane—analogous to the rule for right turns specified in

subsection (a) of the regulation. The district court ruled that Anowlic had violated this requirement because Anowlic's vehicle was far enough from the left edge of his lane to allow the snowmachiner to drive past him on the left: according to Anowlic's petition, the judge concluded that "there's not supposed to be [enough] room [for] that to happen".

Anowlic appealed to the superior court, arguing that the district court had committed legal error when it read a new requirement into subsection (b)(1)—the requirement that a driver making a left turn position his or her vehicle not just in the left-most lane, but also as close as possible to the left edge of the left-most lane. The superior court rejected Anowlic's argument and affirmed the district court's interpretation of the regulation:

[T]his court cannot believe that the Department [of Public Safety], in enacting regulations covering turns, intended that right turns would be made from the right-hand portion of a vehicle's lane of travel [but that] left turns could be indiscriminately instituted from wherever [a driver chose] between the center [of the lane] and the edge of the roadway[.] ... Reason and common sense mandate that turns be instituted from the portion of the roadway [closest to] the ultimate direction of travel, whether it is right or left.

With due respect to the superior court, we disagree.

According to the historical note that accompanies 13 AAC 02.200, this regulation has been in force since before statehood (that is, since at least 1959). During the intervening four decades, this regulation has required drivers making right turns to position their vehicles "as close as practicable to the right-hand curb or edge of the roadway", but the regulation has not imposed an analogous obligation on drivers making left turns. This history indicates that the Department of Public Safety did not intend to require left turns to be made from the extreme left edge of the lane.

■ Whatever the reason (or lack of reason) for the different rules governing right and left turns, the fact remains that 13 AAC 02.200 does specify different rules for these

two types of turns. Courts must not interpret statutes and regulations at variance with their wording unless it is apparent that the legislature's or agency's wording fails to accurately embody the intent of the statute or regulation. Under Alaska's "sliding scale" approach to statutory interpretation, the plainer the language of the statute, the more convincing the evidence of contrary legislative intent must be. *O.R. v. Dept. of Health & Social Services,* 932 P.2d 1303, 1310–11 (Alaska 1997); *State v. Alex,* 646 P.2d 203, 208 n. 4 (Alaska 1982). The regulation at issue in this case plainly specifies different rules for right and left turns, there is no legislative history to indicate a different legislative intent, and this difference in the treatment of right and left turns is not facially absurd or nonsensical.

For these reasons, we hold that 13 AAC 02.200(b)(1) does not require a driver making a left turn to position his or her vehicle at the extreme left edge of the lane. The district court convicted Anowlic solely on the basis that he had violated this purported requirement, and the superior court affirmed Anowlic's conviction because it adopted the district court's erroneous construction of the regulation. We therefore REVERSE the decision of the superior court, and we direct the superior court to enter an order reversing Anowlic's conviction.